IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **GUSTAVO GONZALEZ,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **EP- 25-cv-00297-LS-RFC** |
| **POLYMERICA LIMITED CO.** | § | |
| **D/B/A GLOBAL ENTERPRISES, INC.** | § | |
| | § | |
| *Defendant*. | § | |

## <u>ORDER ON DEFENDANT'S MOTION TO COMPEL</u>

Before the Court is Defendant Polymerica Limited Co. D/B/A Global Enterprises, Inc.'s Motion to Compel, ECF No. 13 [hereinafter "Mot."]. In its Motion, Defendant asked that the Court (1) order Plaintiff to provide available dates for his deposition; (2) compel Plaintiff to supplement its deficient responses to Defendant's interrogatories and requests for production; (3) award Defendant reasonable attorney's fees and expenses under Federal Rule of Civil Procedure 37(a)(5)(A); and (4) "[e]xtend[] the Court's May 22, 2026 discovery deadline by thirty (30) days, to June 21, 2026, solely to allow Defendant to review Plaintiff's late-produced and yet-to-be produced materials, take Plaintiff's deposition, and conduct any necessary follow-up discovery." *Id.* at 9.

The Honorable District Judge Leon Schydlower referred the Motion for determination to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1) and Local Court Rule CV-72. Order Ref'ing Mot., ECF No. 14. For the reasons set forth below, the Motion is **GRANTED IN PART**, **DENIED IN PART,** and **DENIED AS MOOT IN PART.**

## I.    DISCUSSION

**A. Defendant's request that Plaintiff be compelled to provide available dates for his deposition is denied as moot.**

While Defendant initially complained that Plaintiff failed to advise Defendant of Plaintiff's availability for a deposition, Mot. 3–4, subsequent briefing by both parties reflects that Plaintiff later supplied deposition dates, *see* Pl.'s Resp. Def.'s Mot. Compel 1, ECF No. 16 [hereinafter "Mot. Resp."]; Def. Polymerica Ltd. D/B/A Global Enters.' Reply Pl.'s Resp. Mot. Compel 2, ECF No. 17.  Accordingly, Defendant's request that Plaintiff be compelled to provide deposition dates is **DENIED AS MOOT**.

**B. Defendant's request to compel discovery is denied.**

Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the . . . party failing to make . . . discovery in an effort to obtain it without court action."  Satisfaction of the conferral requirement involves the moving party engaging in, or at least attempting to engage in, a two-way dialogue to determine "precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention."  *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).  "[T]o do so in 'good faith' means that the parties must genuinely attempt to resolve the dispute without judicial intervention, and not to treat their negotiations simply as a formal prerequisite for judicial review."  *Castillo v. Wal-Mart Stores Texas, LLC*, No. 3:23-CV-00467-ATB, 2024 WL 4531080, at *1 (W.D. Tex. Oct. 8, 2024) (citing *Perkins v. United States Parcel Serv. of Am., Inc.*, No. EP-23-CV-258-KC, 2024 WL 1493808, at *1 (W.D. Tex. Apr. 5, 2024)).

In the Motion, defense counsel certified that she "made multiple good faith attempts to confer with Plaintiff's counsel regarding the issues raised in this Motion without the necessity of court intervention," but that despite these efforts, "the parties have been unable to resolve the issues regarding Plaintiff's deficient discovery responses or scheduling of Plaintiff's deposition." Mot. 10. To support counsel's certificate, Defendant submitted Exhibit C, copies of e-mails exchanged by counsel for both parties from April 9, 2026 to April 22, 2026. Mot. Ex. C, ECF No. 13-4 [hereinafter "Ex. C"]; *see* Mot. 10.

Despite defense counsel's representations that she made multiple attempts to confer, Plaintiff argues – and the Court agrees – that the conferral requirement was not met. Mot. Resp. 1–3. Only counsel's initial email suggests the possibility of future discussions concerning discovery. *See* Ex. C at 5–9. Even that message falls short of attempting conferral, as it neither proposes a date to confer nor affirmatively requests to arrange a meeting. *See id.* Instead, defense counsel merely indicates that Plaintiff's counsel should "let [her] know if [Plaintiff's counsel] would like to discuss" – leaving any ensuing discussion dependent on Plaintiff's efforts. *See id.* at 6. The Court does not find that such a statement, without more, can be said to demonstrate a genuine attempt by Defendant to resolve discovery disputes without court intervention. *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399–400 (S.D. Tex. 2012)) (collecting cases) (holding movant's letter, which included assertion that letter was intended to "serve[] as [movant's] attempt to confer," was insufficient to meet conferral requirement).

Accordingly, the Motion falls short of satisfying the conferral requirement and is thus **DENIED** as to the request to compel discovery. [1,2]

### C. Defendant's request for attorney's fees and costs is denied.

Rule 37(a)(5)(A) provides for payment of "reasonable expenses incurred in making the motion" where a motion to compel discovery is granted. Because the Court declines to grant Defendant's request to compel discovery, its request for attorney's fees and costs is likewise **DENIED**.

### D. Defendant's request to extend the discovery deadline is granted.

Finally, Defendant asks that the May 22, 2026 discovery deadline be extended "by thirty (30) days, to June 21, 2026, solely to allow Defendant to review Plaintiff's late-produced and yet-to-be produced materials, take Plaintiff's deposition, and conduct any necessary follow-up discovery." Mot. 9.

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citing 6A

---

[1]    In connection with the motion to compel discovery, Defendant also asked that the Court "[d]eem[] waived all objections asserted in Plaintiff's untimely Responses to Defendant's First Set of Requests for Production." Mot. 9. However, given that the conferral requirement has not been met, the Court declines to address whether the objections should be considered waived.

[2]    Where a motion to compel discovery is denied, a court must require the movant to pay the non-movant's reasonable expenses unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). However, given that Plaintiff has effectively conceded that he failed to comply with discovery obligations in numerous respects, *see* Mot. Resp. 9–11, the Court finds an award of attorney's fees to Plaintiff would be unjust. *See Carter v. H2R Rest. Holdings*, No. 3:16-CV-1554-N-BN, 2017 WL 3724122, at *4 (N.D. Tex. Aug. 29, 2017) (quoting *Brown v. Bridges*, No. 12-cv-4947-P, 2015 WL 11121361, at *5 (N.D. Tex. Jan. 30, 2015)) (citing Fed. R. Civ. P. 37(a)(5)(B)) (holding "an exhibited lack of cooperation by [one party or the other] may constitute 'other circumstances [that] make an award of expenses unjust'"); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 600 (N.D. Tex. 2018) (holding circumstances made award of expenses unjust where party seeking fees failed to meet its discovery obligations).

Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).  In determining whether a movant has shown good cause to modify the scheduling order, courts consider: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).

Here, Plaintiff consents to the extension and admits that the delays in the discovery process are attributable to the misconduct of Plaintiff's counsel, rather than to a lack of diligence by Defendant.  *See* Mot. Resp. 1, 9–11.  The Court thus concludes that good cause exists to amend the Scheduling Order.   Accordingly, the Motion is **GRANTED** as to Defendant's request that the May 22, 2026 discovery deadline be extended to June 21, 2026, solely to allow Defendant to review Plaintiff's late-produced and yet-to-be produced materials, take Plaintiff's deposition, and conduct any necessary follow-up discovery.

**E.  The parties are ordered to confer and file a Joint Statement.**

In light of Plaintiff's ongoing failure to comply with the rules of discovery, the Court finds it proper to more closely direct the parties' efforts to confer, in the hope that they may resolve their discovery disputes without requiring further court intervention.

The Court thus **ORDERS** the parties to **CONFER IN GOOD FAITH** in an effort to resolve any outstanding discovery disputes by **June 12, 2026.**

The Court **FURTHER ORDERS** that the parties must **FILE A JOINT STATEMENT** addressing each of discovery disputes by **June 12, 2026**.  The Joint Statement must meet the following requirements:

1. Both parties must **certify** that they conferred in good faith, formulating their certification in a way that would satisfy both Federal Rule of Civil Procedure 37(a)(1)

and Local Rule CV-7(g).  The certification must, at minimum, state the date, manner (e.g., in person, telephone, or video conference), and duration of their meeting.

2. For any discovery request that Defendant seeks to compel, Defendant **must attach to the Joint Statement all requests and supplemental requests** it has served that are relevant to that request.

3. Plaintiff **must likewise attach all written responses and supplemental written responses** it has served that are relevant to the request.  Plaintiff **must further identify all materials it has produced that are responsive to the specific disputed request by Bates number or other specific identifier**.  If Plaintiff fails to follow these instructions, the Court may conclude that the written responses and production materials were not properly served.

4. Separately for each interrogatory and request for production, the parties must **address any unresolved discovery disputes that remain after their meet and confer session using the Discovery Dispute Template** ("Template") appended to this Order.  When addressing each unresolved discovery dispute using the Template, the parties should consider (and are highly encouraged) to cite on-point legal authority that supports their arguments.  **NO SEPARATE STATEMENTS WILL BE ACCEPTED.**

## II.    CONCLUSION

For the reasons set forth above, the Motion is **GRANTED IN PART**, **DENIED IN PART,** and **DENIED AS MOOT IN PART.**

**IT IS ORDERED** that the May 22, 2026 discovery deadline is extended to June 21, 2026, solely to allow Defendant to review Plaintiff's late-produced and yet-to-be produced materials, take Plaintiff's deposition, and conduct any necessary follow-up discovery.

**IT IS FURTHER ORDERED** that the parties shall **CONFER IN GOOD FAITH** in an effort to resolve any outstanding discovery disputes **no later than June 12, 2026**, and, after conferring, the parties shall **FILE A JOINT STATEMENT, on or before June 12, 2026,** that meets all the requirements mentioned elsewhere in this Order.  However, if the parties resolve all their discovery disputes before June 12, 2026, they need only file a joint notice informing the Court of the same.

**DEFENDANT IS ADVISED** that, to the extent it wishes to move to compel discovery after conferring and filing the Joint Statement, it should do so promptly.

**THE PARTIES ARE FURTHER ADVISED** that failure to comply with this Order and repeated failure to comply with court orders, the Local Rules, or Federal Rules of Civil Procedure may result in sanctions.

**SO ORDERED** and **SIGNED** this 29th day of May, 2026.

ROBERT F. CASTAÑEDA
UNITED STATES MAGISTRATE JUDGE

## DISCOVERY DISPUTE TEMPLATE

**[Discovery Request] No. [#]:**
Copy verbatim text of the discovery request.

**Response:** Copy verbatim text of response to the discovery request.

Statement of Relevance:
- Requesting Party ("RP") must specifically articulate why the request is relevant to its claims or defenses.[3]

Arguments on Objections:
- Opposing Party ("OP") must specifically argue each objection raised in its response to the request.[4]

Proposed Modification to Resolve Objections:
- RP must propose a reasonable modification, if feasible, of the discovery request to resolve OP's objections.
- RP's proposed modification or adjustment, such as narrowing the scope of the request, should aim to accommodate OP's concerns while still addressing its own need for the discovery request.
- RP need not include anything in this section **IF** OP did not object to the request.

Ability to Respond or Produce:
- OP must specify the extent to which it can comply with the request, either fully or in part, in a manner that addresses RP's relevance and need.
- If OP is withholding or limiting production, it must identify what can be reasonably produced and whether any modifications would allow for full compliance.
- If applicable, OP must also indicate whether it is willing to produce the requested information subject to a protective order or other conditions.
- If OP has already produced responsive discovery, OP must specifically identify which documents (either through Bates-numbering or any other document-numbering system used) and in which production (date and/or number) are those responsive to the request.

Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?
- Both parties must *__jointly__* (that is, agree on the language to be included in this section) explain why the dispute was not resolved during the meet-and-confer process. This section must detail the remaining points of disagreement, the extent of the dispute, and efforts made by both parties to resolve it.

---

[3]    *El Paso Disposal, LP v. Ecube Labs Co.*, No. EP-24-CV-00097-KC, 2024 WL 4806498, at *3 (W.D. Tex. Nov. 15, 2024).

[4]    *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).